[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTION OF MEMORANDUM OF DECISION
Having heard the parties regarding nine post judgment motions, the court made findings and entered orders regarding said motions in a memorandum of decision dated January 13, 1997. By its supplemental memorandum of decision dated April 29, 1997, the court further articulated those findings and orders.
There is apparent need for the court to further articulate its findings and orders which it does herein.
The court hereby reiterates and clarifies its previous findings and orders.
The defendant is responsible for providing support payments to the plaintiff for the benefit of his two minor sons Alex and Richard;
The defendant's support obligation is to be modified upward retroactively to the date of the dissolution, February 18, 1992, for the reasons stated in said memoranda;
The defendant's support obligation from February 18, 1992 to July 15, 1995 is based upon the actual earnings of the CT Page 5382 defendant between those dates;
Fair and reasonable support for each of the minor sons from February 18, 1992 to July 15, 1995 is found to be $350.00 per week for each minor child;
The defendant has not exploited his ability to earn any income since July 15, 1995, and, according to his own evidence and testimony, has elected instead to work on certain fiscal ventures without any salary or compensation whatsoever. For that reason, the defendant' s support obligation from July 15, 1995 to the present is to be based on his earning capacity for that time period. As set forth more specifically in the aforementioned memoranda, that earning capacity is found be in the gross amount of $75,000.00 per year and in the net amount, after taxes and other deductions, in the amount of approximately $52,000.00
From July 15, 1995, to the present, fair and reasonable support for the two minor sons is found to be $160.00 per week per minor child, based upon the earning capacity of the defendant, for a total of $320.00 per week. The court notes that this is a $10.00 per child per week increase over the current payment by the defendant.
If and when, after July 15, 1995, the defendant should be responsible for the support of only one of his sons, then and in that event, the defendant's weekly support obligation shall be $200.00 per week, based on his earning capacity as found by this court, which is consistent with the support guidelines.
The defendant, as a result of the retroactive effect of this order, owes to the plaintiff as substantial sum by way of arrearage. The court directs the Bureau of Support to calculate the exact amount of the arrearage currently owed by the defendant to the plaintiff. The defendant is directed to pay to the plaintiff the lump sum of $7,500.00 toward that arrearage on or before the date specified in the memoranda. The defendant is to pay the outstanding balance of the yet to be ascertained arrearage at the rate of $350.00 per week in addition to
whatever his current weekly order of support may be.
As part of its calculation of the defendant's support obligation, the Bureau of Support is to credit the defendant with any and all support payments he has made since February 18, CT Page 5383 1992.
The Bureau of Support Enforcement shall refer to the dissolution judgment, including the parties' separation agreement which was made part of that judgment in determining the defendant's support obligation and arrearage.
Any disagreement by the parties, including the Bureau of Support Enforcement, regarding the defendant's support obligation shall be mediated by the Family Relations Office and, if necessary, referred to a judge of the Superior Court for resolution.
BY THE COURT,
Joseph W. Doherty, J.